**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MITCHELL SCHNEIDER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-2384** |
| | : | |
| **BCCF,** *et al.*, | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**KENNEY, J.**                                                                 **October 12, 2022**

Plaintiff Mitchell Schneider, a prisoner currently incarcerated at Bucks County

Correctional Facility ("BCCF"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983,

alleging violations of his constitutional rights.  Currently before the Court are Schneider's

Complaint (ECF No. 5), Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1, 3), and

Prisoner Trust Fund Account Statement (ECF No. 4).  For the following reasons, the Court will

**GRANT** Schneider leave to proceed *in forma pauperis* and **DISMISS** his federal claims

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because they are frivolous and fail to state a

claim.  Schneider's state law claims will be dismissed for lack of subject matter jurisdiction

**I.     FACTUAL ALLEGATIONS**[1]

 Schneider asserts an individual capacity claim against Bucks County Sheriff Andrew

Davis and official capacity claims against the "Warden of Bucks County Corrections" and "Mr.

Gallagher," alleged to be associated with the Bucks County Prison Oversight Board (ECF No. 5

at 2, 4.)  He also lists as Defendants unnamed Investigators and Records Staff.  (*Id.* at 3.)

---

[1]  The factual allegations set forth in this Memorandum are taken from Schneider's Complaint.
The Court adopts the pagination supplied to the Complaint by the CM/ECF docketing system.

Schneider alleges that on or about March 3, 2022, Defendant Davis made statements to Davis's daughter indicating that Davis "had someone at Bucks County Corrections ac[c]ess" Schneider's inmate account.  (*Id.* at 7.)   According to Schneider, this unnamed corrections employee allegedly told Davis the names of all the individuals who made deposits into Schneider's account in February of 2022, along with the exact dates and amounts of the deposits.  (*Id.* at 6-7.) Schneider alleges that he wrote to "the investigators" who subsequently responded on or about March 12, 2022, informing Schneider that they had spoken to Davis and that Davis "never had anyone access [his] account" and "fabr[i]cated anything he told his daughter" regarding Schneider's account.  (*Id.* at 7.)

Based on these facts, Schneider alleges a "violation of [his] right to privacy and confidenti[ality,]" claiming that Davis, by virtue of possessing Schneider's "personal information[,]" abused his power and defamed Schneider's character.  (*Id.* at 4-5.)  Schneider alleges that he lost his "family support and no longer felt comfortable or secure in" jail as a result of this incident which cause him to suffer severe depression and anxiety.  (*Id.* at 8.)  As relief, Schneider wants an "investigation into all part[ies] who pulled [his] account up[,]" along with $100,000 in damages.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Schneider leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous or fails to state a claim.  A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in

---

[2] Because Schneider is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the full filing fee in installments.

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous"
in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual
allegation." *Id.*  A claim is legally baseless if it is "based on an indisputably meritless legal
theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Whether a complaint fails
to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions
to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184
F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint
contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on
its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro
se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only
whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible []
claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,
792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S.
at 678.  As Schneider is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v.
Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,
244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with
imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F. 3d at 244).  The Court
will "apply the relevant legal principle even when the complaint has failed to name
it." *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support
a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant,
however, "'cannot flout procedural rules — they must abide by the same rules that apply to all

3

other litigants.'"  *Id.*  Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

## III.  DISCUSSION

Schneider's Complaint is best understood as raising a constitutional claim based on the alleged intrusion into his personal account information.   The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A.     Claims Against the BCCF

In the caption of his Complaint, Schneider identifies "BCCF" and "Bucks County Corrections" as Defendants in this action.[3]  (Compl. at 1.)  To the extent Schneider identified these entities as Defendants in an attempt to bring a § 1983 claim against Bucks County Correctional Facility, that claim is dismissed as frivolous because a jail is not a "person" under

---

[3] There are no specific factual allegations against either of these entities in the remainder of the Complaint.

Section 1983.  *See Edwards v. Northampton Cty.*, 663 F. App'x 132, 136 (3d Cir. 2016)

(explaining that the district court "appropriately disposed of" prisoner's conditions of

confinement claims against Northampton County Prison on the basis that a prison is not a

"person" subject to suit under § 1983) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir.

1973)); *see also Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa.

Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010) (recognizing that county jails are not

considered "persons" that are "subject to suit under federal civil rights laws) (collecting cases);

*Edwards v. Bucks Cty. Corr. Facility*, No. 19-4923, 2019 WL 5579486, at *2 (E.D. Pa. Oct. 29,

2019) ("Bucks County Correctional Facility is not an entity susceptible to suit under § 1983.").

As any attempt to amend would be futile, Schneider's claims against "BCCF" and "Bucks

County Corrections" will be dismissed with prejudice.  *See Grayson v. Mayview State Hosp.*, 293

F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening

should generally be granted "unless amendment would be inequitable or futile.")

      **B.**      **Claims Against Gallager & the Prison Oversight Board of Bucks County**

      Schneider also names as a Defendant an individual identified as Mr. Gallagher, who is

alleged to be associated with the Prison Oversight Board for Bucks County.[4]  (Compl. at 4.)  To

the extent Schneider seeks to brings claims against Gallager in his individual capacity, those

claims are not plausible.  In order to state a claim against Gallager, Schneider is required to

allege that he had personal involvement in the alleged wrongs of which Schneider complains.

*See Rode*, 845 F.2d at 1207.  Other than naming Gallager on the designated defendant line on the

form he used to file his Complaint, Schneider does not mention Gallager by name anywhere else

---

[4]  Schneider's Complaint does not explain what role (*i.e.,* member, or employee) Gallager
maintains with respect to the Prison Oversight Board.

in the Complaint.  Accordingly, there are no allegations whatsoever that Gallager was personally involved in either accessing Schneider's prison account or disclosing his account information.

Schneider alleges that he "wrote [a] detailed letter to the Prison Oversight Board" on or about March 10, 2022, and that he appealed the denial of his prison grievance "all the way to the Prison Oversight Board[,]" but did not receive a response.  (*Id.* at 10, 12.)  Even liberally construing these allegations to suggest that Gallager was somehow involved in the grievance process following the incident involving Schneider's prison account, these allegations are still insufficient to state a plausible claim against Gallager.  Participation in the grievance process does not, without more, establish involvement in the underlying constitutional violation.  *See Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances – lacked the requisite personal involvement [in the conduct at issue].");  *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews.").  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (holding that attaching documents to grievance form is insufficient under *Rode* to show personal direction or actual knowledge by recipient of underlying facts)).

Finally, Schneider checked the box on the form complaint indicating that his claims were being brought against Gallagher in his official capacity.  Schneider appears not to have understood the implication of checking the official capacity box.  Claims against governmental employees named in their official capacity are indistinguishable from claims against the governmental entity itself.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-

capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*

To the extent Schneider naming Gallager in his official capacity could be construed as an attempt to bring a claim against the Bucks County Prison Oversight Board or Bucks County, any such claim must also be dismissed as not plausible.[5]  Municipal entities are subject to liability under § 1983.  *See Monell*, 436 U.S. at 690-91 ("Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies.").  Like the other municipal defendants, the Bucks County cannot be held responsible for the acts of its employees on a theory of vicarious liability, or *respondeat superior*.  *Id.*  Rather, to state a claim against Bucks County, Schneider must allege a municipal policy or custom that caused his injury.  *Id.*; *see also Murray v. Keen*, No. 13-258, 2014 WL 940267, at *4 (M.D. Pa. Mar. 11, 2014) (applying *Monell* standard to claims against Allegheny County Jail Oversight Board); *Smith v. Indiana Cty. Jail*, No. 12-728, 2013 WL 425144, at *7 (W.D. Pa. Feb. 4, 2013) (dismissing § 1983 claims against Indiana County Prison Board where the plaintiffs failed to allege "direct participation, whether by custom or express policy" under *Monell*).  Schneider's Complaint is devoid of any allegations that there was a municipal policy or custom that caused

---

[5]  A Pennsylvania statute explicitly establishes jail oversight boards for each county in the state. *See* 61 Pa. Cons. Stat. § 1723(a) ("There is hereby established in each county a jail oversight board which shall be named the (Name of County) County Jail Oversight Board.").  Jail oversight boards are provided certain powers and duties such as the "operation and maintenance of the prison and all alternative housing facilities" and "the oversight of the health and safekeeping of inmates."  *Id.* § 1724(a).  Because they are "creatures of statute," jail oversight boards are "political subdivision[s] of the government."  *Veatch v. Allegheny Cty. Bureau of Corr.*, 282 F. App'x 159, 160 (3d Cir. 2008).  Accordingly, the official capacity claim against Gallager is treated as a claim against Bucks County.

an alleged violation of his constitutional rights.  Accordingly, Schneider's claims against Gallager and the Prison Oversight Board of Bucks County will be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.  As it appears any attempt to amend would be futile given the Court's discussion of Schneider's privacy claims *infra*, the dismissal of these claims will be with prejudice.

### C.    Claims Against Various BCCF Employees

Schneider's Complaint lists several BCCF employees as Defendants by reference to their job titles, including: (1) Bucks County Corrections Warden; (2) Bucks County Corrections Investigators; and (3) Bucks County Corrections Records Staff.  (Compl. at 2-3.)  Even assuming that Schneider's constitutional rights were violated when his prison account information was allegedly accessed and disclosed,[6] Schneider's claims against these various Defendants fail.  As noted above, Schneider is required to allege that a defendant had personal involvement in the alleged wrongs of which he complains.  *See Rode*, 845 F.2d at 1207.  Schneider makes no factual allegations that any specific member of the "Records Staff" had any personal involvement in allegedly accessing his prison account and disclosing his account information to Davis. Schneider's sole allegation in this regard is that "Bucks County Corrections . . . [was] giving out [his] personal information such as names[,] dates[,] and amounts of people who put money on [his] account for no valid reason."  (Compl. at 6.)  This allegation alone is insufficient to allege personal involvement by any specific individual.  Schneider similarly fails to allege a plausible claim against the Warden based on his holding a supervisory position at BCCF.[7]  He does not

---

[6]  The Court addresses the constitutional claims *infra*.

[7]  There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences,

allege any facts sufficient to demonstrate that the Warden had personal involvement in the alleged violation either by accessing Schneider's prison account or disclosing his account information.  *See Rode*, 845 F.2d at 1207.  Furthermore, Schneider does not allege that the Warden acted with deliberate indifference to a policy, practice or custom at BCCF which resulted in the alleged incident regarding Schneider's account information being accessed and disclosed.  Accordingly, Schneider's claims against the Records Staff and the Warden will be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

With respect to the unidentified Defendants Schneider refers to as the "Bucks County Corrections Investigators," it is clear from the allegations of the Complaint that their involvement was limited to investigating Schneider's claims that his account information was accessed and disclosed ***only after*** the alleged incident occurred.  By definition, these individuals could not have had any personal involvement in the incident of which Schneider complains. Moreover, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."  *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Accordingly, Schneider's claims against the Bucks County Corrections Investigators must be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  Schneider's claims against

---

established and maintained a policy, practice or custom which directly caused [the] constitutional harm."  *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."  *Id.*

the Investigators, as well as the Records Staff and the Warden, will be dismissed with prejudice as the Court concludes that amendment with respect to these Defendants would be futile.

### D.      Claims Against Bucks County Sheriff Andrew Davis

Schneider alleges that Davis "had someone at Bucks County Corrections ac[c]ess" his inmate account, and Davis thereby learned the names of all the individuals who made deposits into Schneider's account in February of 2022, along with the exact dates and amounts of the deposits.[8]  (*Id.* at 6-7.)  Schneider clearly seeks to bring a § 1983 claim against Davis asserting that the accessing and disclosing of his inmate account information violated Schneider's right to privacy.  The Constitution does not explicitly mention a right to privacy, but the Supreme Court has found certain "zones of privacy" incorporated into constitutional amendments.  *See C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 178 (3d Cir. 2005).  While Schneider does not point to any specific constitutional amendments in support of his claims, liberally construing the Complaint, the Court will analyze his Davis's alleged actions to determine if Schneider's rights under either the Fourth or Fourteenth Amendment were violated.

Generally, the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "The Fourth Amendment is violated when the state conducts an unreasonable search or seizure that infringes on a reasonable expectation of privacy."  *Talley v. Mazzocca*, 796 F. App'x 61, 63 (3d Cir. 2019).  However, neither the United States Court of Appeals for the

---

[8] Schneider also alleges that, following an investigation into the incident, he was informed by the investigators that Davis "never had anyone access [Schneider's] account" and that any statements Davis made about having such access were "fabricated[.]"  (*Id.* at 7.)  In analyzing any alleged violation of Schneider's constitutional rights related to this incident, the Court accepts as true Schneider's allegation that his account was accessed and his information was disclosed, and the Court will draw all reasonable inferences therefrom.

Third Circuit, nor this Court are aware "of any precedent suggesting that the use of financial

information maintained by the government for a prisoner constitutes a 'search' for Fourth

Amendment purposes." *Id.*; *see also Talley v. Mazzocca*, No. 19-0161, 2019 WL 2025175, at *5

(W.D. Pa. Apr. 5, 2019), (noting a complete absence of legal authority for plaintiff's argument

that the financial information in his prison account was "private"), *report and recommendation*

*adopted*, 2019 WL 2024829 (W.D. Pa. May 8, 2019), *aff'd*, 796 F. App'x 61.  Schneider's

Complaint does not allege plausibly that he had a reasonable expectation of privacy in the prison

account information maintained by the Bucks County Corrections Facility, nor does he allege

plausibly that a corrections employee allegedly accessing this information constitutes a search

under the Fourth Amendment.

       With respect to any Fourteenth Amendment claim Schneider seeks to bring, the Supreme

Court in *Paul v. Davis*, recognized that the limited category of Fourteenth Amendment privacy

rights extends to "matters relating to marriage, procreation, contraception, family relationships,

and child rearing and education[.]"  424 U.S. 693, 713 (1976).  The Supreme Court found that

there was no constitutional protection against the disclosure of a record of an official act

maintained by the government.  *Id.* at 712-13 (rejecting plaintiff's § 1983 claim that law

enforcement officers violated his right to privacy under the Fourteenth Amendment, among

others, by disclosing and publicizing the fact that he was arrested on a shoplifting charge and

declining to "enlarge" the privacy rights protected under the Fourteenth Amendment in the

manner sought by plaintiff).  The Fourteenth Amendment's protections against the disclosure of

personal information are "limited by an 'individual's reasonable expectations of

confidentiality.'"  *Talley*, 795 F. App'x at 64 (citing *Malleus v. George*, 641 F.3d 560, 564 (3d

Cir. 2011)).  In the present case, the Court has not found any precedent to support a claim that

Schneider had a reasonable expectation of privacy and confidentiality in the prison account information recorded and maintained by the Bucks County Correctional Facility during his incarceration there.  To the contrary, there is no right to privacy in the context of incarceration. *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The Supreme Court has concluded that the Fourth Amendment right to privacy, to be free from unreasonable searches, is fundamentally inconsistent with incarceration."); *Hudson v. Palmer*, 468 U.S. 517, 530 (1984) (stating that "prisoners have no legitimate expectation of privacy and . . . the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells.").

Accordingly, any claim Schneider seeks to assert arising from the alleged accessing of his prison account and the disclosure of his account information under either the Fourth or the Fourteenth Amendment will be dismissed with prejudice pursuant to 1915(e)(2)(B)(ii) for failure to state a claim.  Schneider will not be granted leave to amend on this issue as amendment would be futile.

### E.    State Law Claims

Construing Schneider's claims liberally, he may be attempting to assert state law invasion of privacy and defamation claim against the named Defendants.  Because the Court has dismissed Schneider's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is

some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any

defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*,

592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the

state where he is domiciled, meaning the state where he is physically present and intends to

remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of

a prisoner before his imprisonment presumptively remains his domicile during his

imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  It is the

plaintiff'¹s burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72

(1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140,

1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete

diversity between the parties and that the amount in controversy requirement has been

met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Schneider does not allege the citizenship of the parties.  Rather, he provides only

Pennsylvania addresses for himself and the Defendants, which suggests that he and some of the

Defendants may be Pennsylvania citizens.  Accordingly, Schneider has not sufficiently alleged

that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law

claims he intends to pursue and these claims will be dismissed for lack of subject matter

jurisdiction.  The dismissal is without prejudice to Schneider pursuing these claims in an

appropriate forum.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Schneider leave to proceed *in forma*

*pauperis* and dismiss his federal claims pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as

frivolous and for failure to state a claim.  His state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, JUDGE**